

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

February 24, 1939

Mr. N. J. Dartez, Secretary
State Board of Barber Examiners
Austin, Texas

Dear Sir:

> Opinion No. 0-314
> Re: Under the quoted ordinance, can
> the city of Midland require bar-
> bers to undergo the Wasserman
> blood test?

Your request for an opinion as to whether
the ordinance of the city of Midland, quoted in your
letter, requires barbers to undergo the Wasserman
blood test, had been received by this Department.

Section I of the Ordinance of the City of
Midland reads as follows:

"No health certificate for use in the
city of Midland, Texas shall be issued by
any physician to any person, now or hereafter
required by law to have or exhibit a health
certificate, certifying the holder's freedom
from contagious, infectious or communicable
diseases * * *"

We lay particular stress on the importance
of the underscored words in construing the ordinance's
application to the barbers of Midland. We have exam-
ined the statutes and are of the opinion that Section
I, ante, refers to Article 705c of the Penal Code of
Texas that reads as follows:

"No person, firm, corporation, or asso-
ciation operating, managing, or conducting
any hotel, restaurant, dining car, soda water
fountain, liquor dispensary, or any other

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED

establishment where food or drink of any
kind is served or permitted to be served,
or operating any dairy, creamery, meat
market, abattoir, meat packing plant, bak-
ery, candy factory, cannery, cold storage,
pecan shelling establishment, vegetable
market, or any factory or other place
where food is stored, packed, prepared, or
otherwise handled in this State, shall work,
employ, or keep in their employ, in or
about any said place, or deliver any arti-
cle of food therefrom, any person infected
with or affected by any infectious or con-
tagious disease, or work or employ any
person to work in or about any said place,
or deliver any article of food therefrom,
who at the time of his employment had not
in his possession a certificate signed by
a legally licensed physician residing in the
county where said person is to be employed,
or is employed, attesting the fact that the
bearer had been examined by such physician
within one week prior to the time of employ-
ment, and that such examination disclose the
fact that such person to be employed was
free from any infectious or contagious dis-
ease, or fail to institute and have made
medical examinations of all such employees
at intervals of time not exceeding six (6)
months and after such examinations promptly
discharge from their employment in or about
any said place any and all persons found to
be infected with or affected by any infecti-
ous or contagious disease."

We have also examined the provisions of Ar-
ticle 734a of our Penal Code, which is the State Barber
Law. This act requires a barber to present to the
Board a health certificate upon application for a li-
cense. The license thus obtained is valid for one
year. We do not think the license could be construed
to be a health certificate. So far as we can deter-
mine the health certificate is kept by the Board.
We have found no provision in Article 734a of our

Penal Code that requires a barber to retain, exhibit or have a health certificate for inspection.

We do not think that the ordinance, as written, applies to barbers for in our opinion barbers are not required by law to have or exhibit a health certificate for use in the city of Midland.

It is, therefore, the opinion of this Department that the ordinance submitted to us does not require barbers to undergo a Wasserman blood test in order to be permitted to work in the city of Midland, Texas.

                                    Yours very truly

                            ATTORNEY GENERAL OF TEXAS

                                    /s/ Morris Hodges
                            By
                                    Morris Hodges

MH:ob

APPROVED:

/s/ Gerald C. Mann

Attorney General of Texas